**Ronald Lee PARKS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1676.**

Court of Appeals of Alaska.

Jan. 23, 1987.

Robert A. Evans, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Russell S. Babcock, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Ronald Lee Parks was convicted of robbery in the first degree and was sentenced by Superior Court Judge S.J. Buckalew, Jr., to a presumptive term of fifteen years. Parks appeals his sentence, contending that the sentencing court erred in declining to find, as a mitigating factor, that Parks' conduct was among the least serious within the definition of the offense. AS 12.55.-155(d)(9).

We conclude that this case is governed by our recent decision in *State v. Richards,* 720 P.2d 47 (Alaska App.1986). As we indicated in *Richards,* the distinction between first-degree robbery and second-degree robbery hinges on the use or threatened use of a dangerous instrument. In determining whether conduct involved in a first-degree robbery is among the least serious within the definition of the offense, the sentencing court's primary focus must be on the extent of actual risk that was created by the use or threatened use of a

dangerous instrument in the case before it. *Id.* at 50–51 (Singleton, Judge, concurring).

 In Parks' case, it is undisputed that no dangerous instrument was actually used or carried. The offense qualified as a first-degree robbery only because Parks verbally threatened the use of a gun. The actual risk to the victims created in these circumstances is among the lowest within the definition of first-degree robbery and borders on the risk that typically exists in a case of second-degree robbery. Apart from Parks' verbal threat to use a gun, the sentencing court found no circumstances in this case tending to increase the seriousness of Parks' conduct, and there appear to be none. In fact, Parks appears to have been substantially impaired by drugs at the time of the offense. His efforts to complete the robbery were highly ineffectual, and he was readily disabled and apprehended at the scene. Under the circumstances, we conclude that the sentencing court's rejection of the proposed mitigating factor was clearly erroneous. *See Juneby v. State*, 641 P.2d 823, 834 (Alaska App. 1982), *modified in part*, 665 P.2d 30 (Alaska App.1983).

The sentence is VACATED, and this case is REMANDED for resentencing, with directions that the mitigating factor set out in AS 12.55.155(d)(9) be deemed established. We express no opinion as to whether any actual adjustment of the presumptive term is warranted in light of the mitigating factor. *See Linn v. State*, 658 P.2d 150, 154 (Alaska App.1983).