Rex V. WESTON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1404.

Court of Appeals of Alaska.

May 15, 1987.

---

Paul E. Malin, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

James V. Gould, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Rex V. Weston was convicted, following a jury trial, of assault in the third degree (AS 11.41.220(a)(1)), misconduct involving weapons in the first degree (AS 11.61.-200(a)(1)), and assault in the fourth degree (AS 11.41.230(a)(3)). Superior Court Judge Karl S. Johnstone sentenced Weston, a second felony offender, to adjusted presumptive terms of five years with two years suspended for third-degree assault and for misconduct involving weapons—both class C felonies. Weston received one year in jail with all but thirty days suspended for fourth-degree assault, a class A misdemeanor. The sentences on all counts were imposed concurrently. Weston appeals only the sentence he received for third-degree assault. He contends that the sentencing court erred in rejecting a proposed mitigating factor: that Weston's conduct was among the least serious within the definition of the offense (AS 12.55.-155(d)(9)). We affirm.

While Weston initially proposed the challenged mitigating factor, he withdrew his proposal at the sentencing hearing, conceding that the mitigating factor did not apply. Under the circumstances, we will review Weston's claim only for plain error. *See* Alaska R.Crim.P. 47(b).

Weston was convicted of third-degree assault for pointing a handgun at another person and pulling the trigger three times. The gun, a functioning .44 caliber replica cap-and-ball pistol, was unloaded. In contending that his conduct was among the least serious within the definition of third-degree assault, Weston relies on *State v. Richards*, 720 P.2d 47 (Alaska App.1986), and *Parks v. State*, 731 P.2d 597 (Alaska App.1987).

These cases, however, are readily distinguishable from Weston's case. Both *Richards* and *Parks* involved convictions for first-degree robbery, in violation of AS 11.-

41.500(a)(1). In *Richards*, the offense was committed by use of an inoperable gun; in *Parks* the defendant was unarmed and merely represented that he had a gun. Because the sole feature distinguishing first-degree robbery from second-degree robbery under Alaska law is the possession or threatened possession of a dangerous instrument, we concluded in *Richards* and *Parks* that the primary focus of the first-degree robbery statute was on the extent of actual risk to others. Since a robbery committed by a person who is armed with an inoperable weapon or who threatens to use a gun but is actually unarmed involves relatively little actual risk and borders on the commission of second-degree robbery, we held that such conduct is among the least serious within the definition of first-degree robbery. *Parks*, 731 P.2d at 597–98; *Richards*, 720 P.2d at 48–49.

■ By contrast, Weston was convicted under AS 11.41.220(a)(1), which provides, in relevant part, that third-degree assault is committed when a "person recklessly places another person in fear of imminent serious physical injury by means of a dangerous instrument." Although it is reasonable to infer that one of the significant concerns of this provision is the degree of actual risk to the victim, the statutory language makes it clear that its primary concern is not so much with actual risk as with the extent to which the victim is placed in fear of physical injury. This conclusion is also supported by a comparison of the third-degree assault statute, AS 11.41.-220(a)(1), with the statute governing the lesser offense of fourth-degree assault. Under AS 11.41.230(a)(3), fourth-degree assault occurs when a person "recklessly places another person in fear of imminent physical injury." Third-degree assault thus differs from fourth-degree assault not only in its requirement of a dangerous instrument as an element of the offense, but also in the extent of the fear that must be experienced by the victim. Moreover, it is significant that both offenses specify recklessness as the minimal culpable mental state upon which guilt may be based.

■ Here, Weston was convicted of conduct that appears to have been knowing or intentional, rather than reckless. Although his gun was unloaded, it was not inoperable. In fact, there is nothing to establish that Weston knew the gun was unloaded. Even if Weston did know the gun was unloaded, it is clear that—at least initially—his victim did not know it. It is difficult to imagine conduct that would be capable of generating a more immediate and profound fear of serious physical injury than Weston's act of pointing the pistol at his intended victim and pulling the trigger.

We find, under the circumstances, that the sentencing court did not err in concluding that Weston's conduct was not among the least serious within the definition of third-degree assault. *A fortiori*, there was no plain error in the rejection of this mitigating factor.

The sentence is AFFIRMED.