Jonathan M. LEWANDOWSKI,
Appellant,

v.

STATE of Alaska, Appellee.

No. A–7578.

Court of Appeals of Alaska.

Feb. 16, 2001.

Philip E. Shanahan, Assistant Public Advocate, and Brant McGee, Public Advocate, Anchorage, for Appellant.

Mary Anne Henry, Assistant District Attorney, Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

COATS, Chief Judge.

Jonathan M. Lewandowski was convicted of robbery in the first degree, a class A felony.[1] As a first felony offender convicted of a class A felony, Lewandowski faced a presumptive sentence of five years of imprisonment.[2] Lewandowski proposed a mitigating factor, that the conduct constituting his offense was among the least serious conduct

---

1. AS 11.41.500(a)(1).

2. AS 12.55.125.

included in the definition of the offense.[3] He argued that the mitigating factor applied because he had used an inoperable pellet gun in the robbery. Superior Court Judge Michael L. Wolverton rejected the mitigating factor and imposed the five-year presumptive sentence. Lewandowski appeals from this decision. We affirm.

Lewandowski and his accomplice, James Alan Bradley, were sixteen years old at the time of the offense. At approximately 4:30 a.m. on October 15, 1997, Lewandowski and Bradley approached Micah S. Whittaker, who was working at a cash register at the Safeway grocery store in the Northway Mall. Lewandowski opened his coat, showed Whittaker a handgun, and stated, "Give me the fucking money." According to Whittaker, as Lewandowski was pulling the gun out of his pants, Whittaker grabbed the gun and pulled Lewandowski over the check stand. Whittaker managed to take the weapon away from Lewandowski, and identified the weapon as a pellet gun. After Whittaker got the gun away from Lewandowski, Lewandowski ran out of the store and was able to get away. Bradley also attempted to run away, but Whittaker grabbed him and struck him with the pistol. Bradley fell down, and a knife fell from his right coat pocket. Whittaker was able to restrain Bradley and hold him until two other employees assisted him. Whittaker stated that during the struggle, another knife fell out of Bradley's pocket. These two knives proved to be a hunting knife and a steak knife.

After he was warned of his *Miranda* rights, Bradley admitted that he and Lewandowski came to the store to rob the cashier. Bradley said the pistol was his, but he gave it to Lewandowski while Bradley armed himself with two knives. Lewandowski was arrested a short time later. Both defendants were charged as adults with robbery in the first degree.

As we have previously stated, Lewandowski was sixteen years old at the time of the offense. His only prior record was for minor juvenile offenses which had been adjusted informally. A person commits robbery in the first degree if he robs another and is either armed with a deadly weapon, represents that he or another person committing the robbery is so armed, or uses or attempts to use a dangerous instrument or represents that he or another participant is so armed.[4] Robbery in the first degree is a class A felony.[5] The maximum sentence for a class A felony is twenty years of imprisonment.[6] The presumptive sentence for a first felony offender is five years of imprisonment.[7] But if "the defendant possessed a firearm, used a dangerous instrument, or caused serious physical injury during the commission of the offense," then the presumptive sentence is seven years.[8] The state conceded that Lewandowski's weapon was not a firearm, and therefore agreed that the five-year presumptive sentence applied.[9]

Lewandowski proposed a mitigating factor: that the conduct constituting his offense was among the least serious conduct included in the definition of the offense.[10] Lewandowski emphasized that he and his codefendant were sixteen years old at the time of the offense, that they were armed with an inoperable pellet gun, and that no one was harmed except for Bradley, who had been hit on the head with the pellet gun when Whittaker arrested him. After careful consideration, Judge Wolverton rejected the mitigating factor. In rejecting the mitigating factor, Judge Wolverton stated candidly that he would prefer to not give the presumptive term. He also recognized that this was a close case for applying the mitigating

---

**3.** AS 12.55.155(d)(9).

**4.** AS 11.41.500.

**5.** *Id.*

**6.** AS 12.55.125(c).

**7.** AS 12.55.125(c)(1).

**8.** AS 12.55.125(c)(A).

**9.** AS 11.81.900(b)(24) defines "firearm" as "a weapon, including a pistol, revolver, rifle, or shotgun, whether loaded or unloaded, operable or inoperable, designed for discharging a shot capable of causing death or serious physical injury."

**10.** AS 12.55.155(d)(9).

factor. But he concluded that this was not among the least serious robberies because there had been two perpetrators rather than one, because Lewandowski and Bradley had planned the robbery, they armed themselves not only with the pellet gun but also with two knives, and there was a scuffle during the robbery. Judge Wolverton pointed out that an operable pellet gun could kill someone, and that Whittaker did not know that the weapon was inoperable. He concluded that the robbery was "rife with potential for danger."

■ Factors in mitigation and factors in aggravation must be established by clear and convincing evidence.[11] We are to reverse a trial court's decision rejecting a mitigating factor only if we find that the decision is clearly erroneous.[12] As Lewandowski points out, in *Parks v. State*,[13] we stated that in determining whether a robbery in the first degree qualifies for the least serious offense mitigator, the court should focus primarily on the risk created by the defendant's use of a weapon:

> In determining whether conduct involved in a first-degree robbery is among the least serious within the definition of the offense, the sentencing court's primary focus must be on the extent of actual risk that was created by the use or threatened use of a dangerous instrument in the case before it.[14]

In *Parks*, we found that the trial judge erred in not finding the mitigating factor.[15] Parks had committed the robbery merely by representing that he had a dangerous instrument.[16] We stated:

In Parks' case, it is undisputed that no dangerous instrument was actually used or carried. The offense qualified as a first-degree robbery only because Parks verbally threatened the use of a gun. The actual risk to the victims created in these circumstances is among the lowest within the definition of first-degree robbery and borders on the risk that typically exists in a case of second-degree robbery.[17]

In *State v. Richards*,[18] the state argued on appeal that the trial judge erred in finding the least serious mitigating factor .[19] The trial judge had found the mitigating factor based on the fact that the defendant had apparently not planned the robbery and that he had used an inoperable firearm to conduct the robbery.[20] The majority of this court, with one judge dissenting, found that the trial judge was not clearly erroneous in finding the mitigating factor.[21] It is noteworthy that in *Richards*, Richards faced a presumptive sentence of seven years for possessing a firearm during the commission of the offense.[22] Lewandowski only faced a five-year presumptive term because his weapon was determined to not be a firearm.

■ Therefore, we have held that, in cases where a person is armed with an inoperable weapon or who threatens use of a gun but is actually unarmed, there may be little actual risk from the use of the dangerous instrument and the offense might border on the commission of second-degree robbery.[23] This would support a finding that the conduct is among the least serious within the definition of first-degree robbery.[24]

The facts of the present case could support a least serious conduct finding. But Judge

11. AS 12.55.155(f).

12. *See State v. Richards*, 720 P.2d 47, 48 (Alaska App.1986).

13. 731 P.2d 597 (Alaska App.1987).

14. *Id.* at 597–98.

15. *Id.*

16. *Id.* at 598.

17. *Id.*

18. 720 P.2d 47.

19. *Id.* at 48.

20. *Id.* at 49.

21. *Id.*

22. *Id.* at 48.

23. *See Richards*, 720 P.2d at 48–49; *Parks*, 731 P.2d at 597–98.

24. *See Weston v. State*, 736 P.2d 787, 789 (Alaska App.1987).

Wolverton considered all of the cases that we have discussed and concluded that the mitigating factor did not apply. Lewandowski had the burden of proving the mitigating factor by clear and convincing evidence. We are only to reverse a trial judge's decision if we find it is clearly erroneous. We believe that Judge Wolverton's conclusions are supported by the record and support his decision to reject the mitigating factor. We conclude that the sentence is not clearly mistaken.

The sentence is AFFIRMED.

MANNHEIMER, Judge, concurring.

I agree with my colleagues that Judge Wolverton was not clearly erroneous when he rejected Lewandowski's contention that this robbery was among the least serious conduct included within the definition of first-degree robbery. However, I believe that this conclusion requires a fuller explanation than is contained in the majority opinion.

There are two reasons why Judge Wolverton could properly reject the proposed mitigator. The first reason is that *State v. Richards* and *Parks v. State* are based on a misguided construction of the robbery statute.

*Richards* and *Parks* adhere to the view espoused by Judge Singleton in his concurring opinion in *Richards*—that the central rationale of the prohibition against robbery is to protect people against the infliction of injury. According to this view, the seriousness of any robbery should be gauged solely by assessing the degree of risk of injury actually created by the robber's conduct. Thus, in *Richards* this court (by a two-to-one vote) upheld a finding of mitigator (d)(9) when the defendant used an inoperable handgun. And in *Parks* this court concluded that the sentencing judge committed clear error by refusing to find mitigator (d)(9) when the defendant merely represented (falsely) that he was armed with a firearm.

I believe that this is an overly narrow view of the robbery statute. As defined by AS 11.41.510(a), robbery is the taking or attempted taking of property from the presence of the victim, accomplished by force or the immediate threat of force. The crime is, at heart, an aggravated species of assault—aggravated because the assault is motivated by the intent to seize property. As this court noted in *Todd v. State*,

> It is true that the Alaska legislature now classifies robbery among the "offenses against the person" in chapter 41 of the criminal code, accentuating its assaultive aspect. Nevertheless, the theft aspect of robbery can not be ignored. Both the common law and Alaska's criminal law ... have always treated the crime of robbery as more serious than the sum of its parts. Among assaults, those assaults motivated by theft have always been viewed as among the most serious, and the resulting crime of robbery has always been punished more severely than either assault or theft, or even the combination of both.

884 P.2d 668, 685 (Alaska App.1994).

I therefore believe that Judge Bryner was closer to the mark when, in his dissenting opinion in *Richards,* he described the rationale of the robbery statute as protecting people against assault and when he concluded that the seriousness of a robbery must be evaluated, at least in part, by the degree to which people were placed in apprehension of injury. Obviously, one measure of the seriousness of a robbery—indeed, the seriousness of any assault—is the degree to which people are actually endangered. But it is a mistake, I believe, to make this the only measure.

The second reason for upholding Judge Wolverton's decision is that, even under this court's decisions in *Richards* and *Parks,* the facts of Lewandowski's case are not among the least serious when all of the circumstances are considered.

As just explained, *Richards* and *Parks* are based on the view that the seriousness of any robbery should be gauged by assessing the degree of risk of injury actually created by the robber's conduct. In *Richards,* this court ruled that a sentencing judge was justified in finding mitigator (d)(9) when the defendant used an inoperable handgun to threaten the robbery victims. Lewandowski argues that his case is at least as mitigated as *Richards* because he carried an inoperable

pellet gun—a weapon that does not qualify as a firearm under AS 11.81.900(b)(24).

But as Judge Wolverton pointed out, Lewandowski's accomplice was armed with a steak knife and a hunting knife. These implements qualify as "deadly weapons" under AS 11.81.900(b)(15).[1] The fact that Lewandowski's accomplice carried these knives was sufficient, by itself, to make Lewandowski's crime a first-degree robbery—for, under AS 11.41.500(a)(1), a robbery is of the first degree if "[the defendant] or another participant is armed with a deadly weapon".

Thus, Lewandowski's crime would have been first-degree robbery even if Lewandowski had carried no weapon. For this reason, even if this case is analyzed under the rule adopted in *Richards* and *Parks*, Lewandowski's crime did not become a mitigated first-degree robbery just because Lewandowski brought along an extra weapon that did not contribute significantly to the actual risk of harm already posed by the robbers' conduct.

For both of these reasons, I conclude that we should uphold Judge Wolverton's rejection of proposed mitigator (d)(9).

---

1. AS 11.81.900(b)(15) states that a "deadly weapon" is "any firearm, or anything designed for and capable of causing death or serious physical injury, *including a knife,* an axe, a club, metal knuckles, or an explosive". (Emphasis added)