Steven A. **BILLUM**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. A–9004.

Court of Appeals of Alaska.

Dec. 22, 2006.

Linda K. Wilson, Assistant Public Defender, and Quinlan Steiner and Barbara K. Brink, Public Defenders, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

In February 1994, Steven A. Billum drove while he was intoxicated, caused an accident, and injured four people. For this conduct, Billum was convicted of four felonies: three counts of first-degree assault (for seriously injuring three people) and one count of third-degree assault (for injuring the fourth person).[1] In addition, Billum was convicted on a plea of no contest of misdemeanor driving while intoxicated and driving while his license was suspended or revoked.[2]

As a first felony offender, Billum faced a presumptive term of 5 years' imprisonment on each of the three counts of first-degree assault (a class A felony).[3] Based in part on evidence that Billum had been explicitly warned not to drive, Billum's sentencing judge, Superior Court Judge Glen C. Anderson, found that the State had proved one aggravating factor, AS 12.55.155(c)(10) (Billum's conduct was among the most serious within the definition of first-degree assault). The presence of this aggravating factor authorized Judge Anderson to exceed the 5-year presumptive term and impose any sentence up to the 20-year maximum term for a class A felony.[4]

Based on the aggravating factor, Judge Anderson increased Billum's sentence on one count of first-degree assault by adding 5 suspended years of imprisonment; that is, Judge Anderson sentenced Billum to 10 years with 5 years suspended on this count. On the remaining two counts of first-degree assault, Judge Anderson sentenced Billum to the unadjusted presumptive term of years. Finally, the judge sentenced Billum to 2 years with 1 year suspended on the third-degree assault conviction. The judge ran all four sentences concurrently. Thus, Billum's composite sentence on these four counts was the same as his sentence on Count I: 10 years with 5 years suspended.

Billum appealed his convictions—which we affirmed in *Billum v. State*,[5]—but he did not appeal his sentence. However, after the United States Supreme Court issued its decision in *Blakely v. Washington*,[6] Billum filed a motion under Alaska Criminal Rule 35(a), seeking a correction of his sentence.

In this motion, Billum argued that he had been denied his Sixth Amendment right to jury trial (as interpreted in *Blakely* ) because Judge Anderson had decided aggravator (c)(10) by himself, rather than submitting the aggravator to a jury, and because Judge Anderson had employed the "clear and convincing evidence" standard of proof specified by Alaska's presumptive sentencing law,[7] rather than the "beyond a reasonable doubt" standard required by *Blakely*.

Because Judge Anderson had retired in the interim, Billum's motion was assigned to Superior Court Judge Donald D. Hopwood. Judge Hopwood ruled that defendants could not use Criminal Rule 35(a) to attack their sentences based on *Blakely* violations. He further ruled that the *Blakely* right to jury trial was not retroactive—that is, it did not apply to defendants whose convictions were already final when *Blakely* was decided. Accordingly, Judge Hopwood denied Billum's motion.

■ Since the time that Judge Hopwood issued his decision, we held in *Walsh v. State*[8] that Criminal Rule 35(a) is a proper procedural vehicle for raising a *Blakely* attack on a sentence.[9] We have also held in

1. AS 11.41.200(a) and 11.41.220(a), respectively.

2. Former AS 28.35.030(a) and AS 28.15.291(a), respectively.

3. Former AS 12.55.125(c)(1) (pre-March 2005 version), as interpreted in *Pruett v. State*, 742 P.2d 257, 263 (Alaska App.1987).

4. Former AS 12.55.155(a)(2) (pre-March 2005 version).

5. Alaska App. Memorandum Opinion and Judgment No. 3381 (Apr. 24, 1996), 1996 WL 341792.

6. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

7. Former AS 12.55.155(f) (pre-March 2005 version).

8. 134 P.3d 366 (Alaska App.2006).

9. *Id.* at 373–74.

*Smart v. State*[10] that the *Blakely* right to jury trial is retroactive under Alaska law.[11] Thus, the superior court should have reached the merits of Billum's Criminal Rule 35(a) motion.

■ However, in *Washington v. Recuenco*,[12] the United States Supreme Court held that a *Blakely* error will not require reversal of a defendant's sentence if the error is shown to be harmless beyond a reasonable doubt.[13] In Billum's case, even though it may have been error for Judge Anderson to find aggravator (c)(10) without submitting this issue to a jury, the record shows that this error was harmless beyond a reasonable doubt.

The transcript of Billum's original sentencing hearing demonstrates that Judge Anderson consciously structured Billum's three first-degree assault sentences to achieve a composite result—10 years with 5 years suspended. Judge Anderson concluded that the "time to serve" component of Billum's sentence did not need to exceed the 5–year presumptive term, but the judge added a 5–year suspended term of imprisonment to deter Billum from future misconduct.

Judge Anderson elected to reach this composite sentence by using aggravator (c)(10) to add 5 suspended years of imprisonment to Billum's sentence on Count I, and then running Billum's two other first-degree assault sentences concurrently. However, Judge Anderson could just as easily have reached the same composite sentence without resort to aggravating factors and sentence enhancements.

Billum faced a 5–year presumptive term on each of his three convictions for first-degree assault. Judge Anderson had the authority to impose these three presumptive terms concurrently, consecutively, or partially consecutively.[14] And we have held that the

*Blakely* right to jury trial does not extend to a judge's decision to impose sentences consecutively (as opposed to concurrently).[15]

Thus, Billum's sentencing was governed by the interpretation of the presumptive sentencing law that this Court announced in *Griffith v. State.*[16] In *Griffith,* we held that if a judge is sentencing a defendant for two or more offenses governed by presumptive sentencing (*i.e.*, offenses that each carry a presumptive term of imprisonment), and if the judge has the discretion to impose the defendant's sentences either consecutively or concurrently, then the judge also has the authority to impose these presumptive terms consecutively but to suspend some or all of the presumptive terms—so long as the "time to serve" component of the defendant's composite sentence is at least as great as the single longest presumptive term to which the defendant is subject.[17]

Applying this rule to Billum's case, Judge Anderson had the authority—even in the absence of aggravating factors—to impose the 5–year presumptive term on each of Billum's three convictions for first-degree assault, and to order that one of these presumptive terms would run consecutively to the other two, and then to suspend this consecutive 5–year term.

The resulting composite sentence is the same one that Billum received: 10 years with 5 years suspended. The difference is that, configured in this manner, Judge Anderson's authority to impose this composite sentence does not depend on the existence of aggravating factors or any other issue of fact governed by *Blakely.*

The sentencing record shows that Judge Anderson did not concentrate on Billum's individual sentences for the three counts of first-degree assault. Rather, he focused on achieving a composite sentence of 10 years

---

**10.** 146 P.3d 15 (Alaska App.2006)..

**11.** *Id.* at 17..

**12.** —— U.S. ——, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006).

**13.** *Id.,* —— U.S. at——, 126 S.Ct. at 2252–53.

**14.** Former AS 12.55.025(e) and (g) (pre-March 2005 versions).

**15.** *Vandergriff v. State,* 125 P.3d 360, 363 (Alaska App.2005).

**16.** 675 P.2d 662 (Alaska App.1984).

**17.** *Id.* at 665.

**510**

with 5 years suspended. It is wholly fortuitous that Judge Anderson chose to achieve this composite sentence by adding 5 suspended years of imprisonment to Count I, rather than imposing a consecutive 5–year sentence on either Count II or Count III and then suspending this consecutive sentence.[18]

If we were not completely convinced of Judge Anderson's intention to create a certain composite sentence, we would remand for resentencing. However, in this case, the record is clear. Under *Griffith,* Judge Anderson had the authority to impose this same composite term without relying on aggravating factors, so any *Blakely* error with respect to aggravator (c)(10) is harmless beyond a reasonable doubt.[19]

However, if Billum wishes, he is technically entitled to have his judgment amended. Currently, the judgment states that Billum received a sentence of 10 years with 5 years suspended on Count I, and that he received concurrent 5–year terms on Counts II and III. As we have explained here, Billum is entitled to have the judgment rewritten so that it reflects the imposition of the unadjusted 5–year presumptive term on all three counts, with the 5–year sentence on either Count II or Count III running consecutively to the sentences on the other two counts, and with this consecutive sentence suspended.

*Conclusion*

The judgment of the superior court is AFFIRMED, subject to Billum's right to seek amendment of the written judgment as explained in the preceding paragraph.

---

**18.** *See Allain v. State,* 810 P.2d 1019, 1022 (Alaska App.1991).

