Duane A. LINSCOTT, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9515.

Court of Appeals of Alaska.

May 18, 2007.

---

6. *Petersen v. Mutual Life Ins. Co. of New York*, 803 P.2d 406, 411 (Alaska 1990); *Hitt v. J.B.* *Coghill, Inc.*, 641 P.2d 211, 213 n. 4 (Alaska 1982).

David D. Reineke, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Tamara E. de Lucia, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

In 2005, Duane A. Linscott was convicted of first-degree burglary (burglary of a dwelling), second-degree theft (for taking property valued at approximately $1000 from the dwelling), and contributing to the delinquency of a minor (for enlisting a minor to help him carry out the burglary).[1] At the time of this burglary, Linscott was on probation from a prior burglary conviction.

Based on Linscott's status as a second felony offender, he faced a 4–year presumptive term of imprisonment for the burglary and a 2–year presumptive term for the theft.[2]

The State proposed one aggravating factor: AS 12.55.155(c)(20)—that Linscott was on felony probation at the time of these offenses. Linscott proposed two mitigating factors: AS 12.55.155(d)(4)—that Linscott was a youthful offender whose criminal conduct was substantially influenced by another person of greater maturity; and AS 12.55.155(d)(9) (which has since been renumbered "(d)(8)")—that Linscott's conduct was among the least serious within the definitions of first-degree burglary and second-degree theft.

Superior Court Judge Michael L. Wolverton found that the State had proved aggravator (c)(20) and that Linscott had failed to prove his proposed mitigators.

Based on the aggravating factor, Judge Wolverton increased Linscott's burglary sentence to 6 years with 2 years suspended (*i.e.,*

he added 2 suspended years of imprisonment to the 4–year presumptive term). However, the judge did not increase Linscott's theft sentence; he simply imposed the 2–year presumptive term—and he made this sentence concurrent with Linscott's burglary sentence. (Judge Wolverton also sentenced Linscott to 1 year of suspended imprisonment for the misdemeanor of contributing to the delinquency of a minor.)

In this appeal, Linscott argues that Judge Wolverton violated his Sixth Amendment right to jury trial, as interpreted in *Blakely v. Washington*,[3] when the judge failed to submit aggravator (c)(20) to a jury. Linscott further argues that Judge Wolverton committed error when he found that Linscott had failed to prove mitigator (d)(9) (conduct among the least serious within the definition of the offense).

### Linscott's Blakely claim

■  Linscott has never disputed that, as a factual matter, he was on felony probation at the time he committed his current offenses. However, in the sentencing proceedings in this case, Linscott argued that, under *Blakely*, Judge Wolverton was obliged to submit aggravator (c)(20) to a jury rather than decide this matter himself. The State, in response, took the position that aggravator (c)(20) was covered by the *Blakely* exception for prior offenses, and thus a sentencing judge could decide this aggravator without submitting the question to a jury.

Judge Wolverton never explicitly ruled on this question of law. He simply announced, "I'm going to find the aggravator."

On appeal, Linscott renews his argument that, under *Blakely*, he was entitled to have a jury decide whether he was on felony probation at the time of his current offenses. We need not decide this issue because, under the facts of this case, any *Blakely* error was harmless beyond a reasonable doubt. We

---

1. AS 11.46.300(a)(1), AS 11.46.130(a)(1), and AS 11.51.130(a)(1), respectively.

2. *See* former AS 12.55.125(d) and 125(e) (pre-March 2005 versions).

3. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

reach this conclusion because Judge Wolverton could have imposed the same composite sentence without increasing Linscott's burglary sentence above the 4-year presumptive term.

As explained above, Judge Wolverton sentenced Linscott to 6 years with 2 years suspended for the burglary, and he imposed a concurrent sentence of 2 years to serve for the theft. Thus, Linscott's composite sentence for these two offenses is 6 years with 2 years suspended.

Even in the absence of aggravating factors, Judge Wolverton could have imposed this same composite sentence—by imposing the 4-year presumptive term for burglary and the 2-year presumptive term for theft, but suspending the 2-year theft sentence and imposing this theft sentence consecutively instead of concurrently. We note that, when Judge Wolverton sentenced Linscott, he declared that he would have imposed the same composite sentence even if the presumptive sentencing law had not governed Linscott's sentencing. It therefore appears that Judge Wolverton structured the two sentences to achieve a particular composite sentence, rather than concentrating on the individual sentences for Linscott's separate crimes.

Recently, in *Billum v. State*, 151 P.3d 507 (Alaska App.2006), we held that a *Blakely* error was harmless under analogous circumstances—that is, where (1) the defendant was being sentenced for more than one crime, (2) the sentencing judge structured the defendant's individual sentences to achieve a particular composite term of imprisonment, and (3) the judge could have imposed that same composite term without relying on aggravating factors (*i.e.*, without increasing any of the defendant's presumptive terms of imprisonment). *Id.*, 151 P.3d at 509–510.

Applying our holding in *Billum* to Linscott's case, we conclude that any *Blakely* error in Linscott's case was harmless.

*Linscott's argument that Judge Wolverton should have found mitigator (d)(9)*

■ At Linscott's sentencing, in support of proposed mitigator (d)(9), the defense attorney argued that Linscott's burglary and theft were not as serious as the State portrayed them. In particular, the defense attorney attacked the State's contention that Linscott's crimes had affected two victims. Even though the defense attorney conceded that Linscott stole property belonging to both the homeowner and her minor son, the defense attorney argued that the son should not really be considered a victim because, according to the son's testimony, he no longer used the item of property stolen from him (a viola).

Even assuming that the homeowner's son was no longer using the viola, we conclude that this fact does not place Linscott's burglary and theft among the least serious.[4]

■ In Linscott's brief to this Court, he points to several other factors that arguably make Linscott's crimes less serious. In particular, Linscott argues that (1) the burglary occurred during the daytime, (2) the residents of the dwelling were not home, (3) no damage was done to the residence, (4) the value of the property stolen during the burglary (approximately $1000) was toward the low end of the range for second-degree theft ($500 to $25,000),[5] (5) the stolen property was quickly recovered, and (6) the burglary and theft were "unsophisticated".

Whatever may be the merit of these arguments, they are not properly before us—because none of these arguments were presented to Judge Wolverton.

■ It is true that, once the facts of a case are established, the existence (or non-existence) of the "conduct among the least serious" mitigating factor is a question of law.[6] Thus, to the extent that Linscott's current arguments rest on facts that are undisputed, one might argue that this Court should inde-

---

4. *See Michael v. State*, 115 P.3d 517, 519–520 (Alaska 2005) (holding that it is a question of law—*i.e.*, a question to be decided by an appellate court without deference to the sentencing judge—whether given facts establish the mitigator of conduct "among the least serious").

5. *See* AS 11.46.130(a)(1).

6. *Michael v. State*, 115 P.3d 517, 519–520 (Alaska 2005).

pendently evaluate Linscott's arguments and re-determine whether the mitigator was proved.

This is, in fact, the approach we would take if the superior court had decided the mitigator in Linscott's favor, and Linscott were *defending* the superior court's ruling—because this Court is authorized to *affirm* the decision of a lower court on any ground revealed by the record.[7]

But the superior court concluded that Linscott had failed to prove the proposed mitigator, and Linscott is attacking the superior court's ruling. Under these circumstances, Linscott is not allowed to use the appeal process as a forum for raising new theories as to why mitigator (d)(9) might be found under the facts of his case.

█ Although we have never had occasion to apply this principle to mitigating factors, both this Court and the Alaska Supreme Court have applied this principle to analogous situations in the past. For instance, when a trial judge excludes evidence offered by the defense, the defendant may not argue a different theory of admissibility on appeal.[8] Similarly, when a defendant objects to the government's evidence on a particular ground, but the trial judge nevertheless admits the evidence, the defendant may not argue a different evidentiary objection on appeal.[9] We have also held that when a defendant objects to a jury instruction at trial, and the judge overrules the defendant's objection, the defendant can not rely on new grounds when arguing on appeal that the jury instruction was improper.[10]

Applying this same principle, we hold that Linscott is not permitted to rely on new theories as to why Judge Wolverton should have found that his conduct was among the least serious.

*Conclusion*

The superior court's sentencing decision is AFFIRMED.

---

7. *See Torrey v. Hamilton,* 872 P.2d 186, 188 (Alaska 1994); *Demoski v. New,* 737 P.2d 780, 786 (Alaska 1987); *Millman v. State,* 841 P.2d 190, 195 (Alaska App.1992); *Russell v. Anchorage,* 626 P.2d 586, 588 n. 4 (Alaska App.1981).

8. *Jones v. State,* 576 P.2d 997, 1000–01 (Alaska 1978); *Dyer v. State,* 666 P.2d 438, 450–51 (Alaska App.1983).

9. *Deal v. State,* 626 P.2d 1073, 1077–78 (Alaska 1980); *Post v. State,* 580 P.2d 304, 308 (Alaska 1978).

10. *Ladd v. State,* 568 P.2d 960, 967–68 (Alaska 1977); *Williams v. State,* 648 P.2d 603, 608 (Alaska App.1982).