John J. SHAW, Appellant,

v.

STATE of Alaska, Appellee.

No. 7561.

Court of Appeals of Alaska.

Feb. 17, 1984.

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

David C. Stewart, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION ON REHEARING

SINGLETON, Judge.

John Shaw has petitioned for rehearing making three arguments, one of which we agree requires further comment. Shaw argues that the court has misconceived a fact that is critical to the correct resolution of his case. Specifically, he argues that we upheld Judge Hodges' decision rejecting Shaw's argument that his conduct was among the least serious included in the definition of the offense, AS 12.55.155(d)(9), based upon a fact finding by the three-judge panel that Shaw intended to use the weapon for illegal purposes. Shaw argues that Judge Hodges specifically rejected any such finding. Shaw points to the following language in our opinion:

> In determining whether Shaw's offense was the least serious he argues

that we should examine the purpose of the statute. In *Davis v. State*, 499 P.2d 1025, 1038 (Alaska 1972), *rev'd on other grounds*, 415 U.S. 308 [94 S.Ct. 1105], 39 L.Ed.2d 347 (1974), the court said: "The purpose of the felon in possession statute is to prevent the concealment and use of firearms in violent crime." The statute is analogous to an attempt statute except that it permits punishment before the defendant has an opportunity to use the handgun for a criminal purpose. Shaw contends that there is no evidence that he intended to use the handgun for an illegal purpose. Shaw testified that he used the gun for hunting. Judge Carlson reasonably noted, however, on behalf of the panel, that handguns are not normally used for that purpose. In addition, Shaw vigorously argued at his original sentencing that he was unaware that felons could not possess firearms because he never received a copy of his order of judgment and probation. As we have seen, however, this testimony was impeached by production of a copy of the judgment bearing Shaw's signature.

*Shaw v. State*, 673 P.2d 781, 785, (Alaska App., 1983).

We agree with Shaw that we should not uphold Judge Hodges' conclusion based upon findings of fact that he rejected. To avoid ambiguity, we will clarify our intention in using the challenged language. We are convinced that Judge Hodges' conclusion that Shaw had not proved by clear and convincing evidence that his conduct was among the least serious contemplated by the statute was not erroneous. We therefore adhere to our original conclusion upholding Judge Hodges' decision.

Evidence that a defendant concealed a weapon preparatory to using it for a violent crime would qualify as an aggravated instance of first-degree misconduct involving weapons and warrant an aggravated sentence. By contrast, examples of the least serious conduct contemplated by the statute might include a case in which a defendant finds a weapon and possesses it briefly before returning it to its owner or turning it over to the police, or one in which a defendant, without illegal purpose, briefly acts as caretaker of a weapon on behalf of its owner. If a defendant knowingly owns and possesses a prohibited weapon for an extended period of time, even though we assume, *arguendo*, with no other illegal purpose in mind, we believe that the trial court could properly find that the offense was neither mitigated nor aggravated and therefore appropriate for imposition of a presumptive sentence. Shaw's possession met this test. We do not suggest that Judge Hodges would have erred had he found a mitigated offense. We merely conclude that Shaw has not demonstrated that Judge Hodges erred in reaching the conclusion he did.

In all other respects, the petition for rehearing is denied. Except as modified herein, our original decision in this case is REAFFIRMED.