STATE of Alaska, Petitioner,

v.

David L. PARKER, Respondent.

No. S–11503.

Supreme Court of Alaska.

Nov. 9, 2006.

Timothy W. Terrell, Assistant Attorney General, Anchorage, Gregg D. Renkes, Attorney General, Juneau, and David W. Màrquez, Attorney General, Juneau, for Petitioner.

Averil Lerman, Assistant Public Advocate, Anchorage, and Joshua Fink, Public Advocate, Anchorage, for Respondent.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I. INTRODUCTION

A criminal defendant convicted of exploitation of a minor and possession of child pornography argued at sentencing that his crimes were mitigated because the victim was sixteen and seventeen years of age when the photographs and videos of her were made, and because the materials were in-

tended only for private use. The superior court disagreed. But the court of appeals reversed the superior court's judgment. Because we agree with the superior court that the defendant's conduct was not among the least serious included in the definition of the offenses of exploitation of a minor and possession of child pornography, we reverse the court of appeals's decision in this case and affirm the superior court's rejection of the mitigating factor. We therefore remand this case to the court of appeals to address an issue—the correctness of the defendant's composite sentence—that it did not address previously.

## II. FACTS AND PROCEEDINGS

### A. Facts

David Parker, a fifty-eight-year-old Anchorage resident, made approximately 100 photographs and three videotapes of V.M., who was sixteen and seventeen years old when the pictures and videos were made.[1] The pictures and videos show V.M. exposing her genitals, masturbating, and engaging in intercourse with Parker. Parker began making the pictures and videos in early 1998, when V.M., then age sixteen, visited his house frequently.

Parker's son and another teenage girl, A.B., found the pictures and videos of V.M. in a briefcase in Parker's house, and gave the briefcase to A.B.'s mother, who took them to the police. Also found in the briefcase were a picture of A.B., at age fifteen or sixteen, exposing part of her buttock, and several pictures of another girl, J.O., who was approximately sixteen years old, including one of J.O. in her underwear. Several months after receiving the briefcase, police received a call from Parker's ex-wife, who reported that Parker had hidden LSD in the briefcase.

After obtaining a search warrant based on the ex-wife's report, police found seventy-six hits of LSD in Parker's briefcase. All three

---

1. In their briefs, the parties dispute the scope of evidence available for our review. When sentencing Parker, the superior court relied upon facts contained in Parker's presentence report, which was prepared by the Department of Corrections pursuant to Alaska Criminal Rule 32.1(b). Both parties approved the report's con-
tents. Both parties also had the opportunity to give notice of any evidence outside the presentence report upon which they intended to rely at sentencing. Alaska R.Crim. P. 32.1(c)(3), (d)(4). Accordingly, we rely solely on facts contained in the presentence report.

girls, V.M., A.B., and J.O., stated that Parker had given them LSD. V.M. and A.B. also stated that Parker gave them marijuana, alcohol, and cigarettes. According to the presentence report:

> Although [Parker] did not contract with [V.M.] to take the photos by giving her drugs, alcohol and cigarettes, she said that he freely gave her the items when she performed in the pictures. Toward the end, it was apparent the giving of cigarettes, drugs and alcohol was conditional on her engaging in these acts.

Parker has a previous conviction for taking suggestive pictures of underage girls. In 1995 he faced charges stemming from his activities with two girls, ages fourteen and twelve or thirteen. Parker gave them wine coolers in his apartment, and when they were intoxicated, he took pictures of the girls partially nude in sexually suggestive poses. These pictures were discovered after Parker took the film to a photo lab to be developed. He pled no contest and was convicted of attempted unlawful exploitation of a minor,[2] spending six months in jail (on an eighteen month sentence with twelve months suspended).

### B. Proceedings

Parker was originally indicted in this case for eight felonies and several misdemeanors, including, among the felonies, misconduct involving a controlled substance,[3] unlawful exploitation of a minor, possession of child pornography,[4] and interference with official proceedings[5] (after Parker offered to pay V.M. to marry him so that she would not be able to testify against him).

Appearing before Superior Court Judge Larry D. Card, Parker sought to suppress the evidence from the briefcase, arguing that the police had illegally obtained it. He also filed a motion to dismiss the counts of exploitation and possession of child pornography on privacy grounds. He argued that his sexual contact with V.M. was legal since she was over sixteen[6] and the pictures were for his private use, not for distribution or any commercial purpose. The superior court denied both motions. Those decisions are not on appeal.

Following negotiations with the state, Parker pled no contest to three offenses: first degree attempted misconduct involving a controlled substance,[7] unlawful exploitation of a minor, and possession of child pornography. Parker faced presumptive sentences for these convictions because of his 1995 conviction.[8] He later sought to withdraw his no contest plea, claiming that he had not understood the plea's effect on his ability to appeal the convictions. After hearings, the superior court denied Parker's motion to withdraw the no contest plea. The court of

---

2. According to AS 11.41.455(a):

A person commits the crime of unlawful exploitation of a minor if, in the state and with the intent of producing a live performance, film, audio, video, electronic, or electromagnetic recording, photograph, negative, slide, book, newspaper, magazine, or other material that visually or aurally depicts the conduct listed in (1)-(7) of this subsection, the person knowingly induces or employs a child under 18 years of age to engage in, or photographs, films, records, or televises a child under 18 years of age engaged in, the following actual or simulated conduct:
(1) sexual penetration;
(2) the lewd touching of another person's genitals, anus, or breast;
(3) the lewd touching by another person of the child's genitals, anus, or breast;
(4) masturbation;
(5) bestiality;
(6) the lewd exhibition of the child's genitals; or

(7) sexual masochism or sadism.

3. AS 11.71.010(a)(2).

4. AS 11.61.127(a):

A person commits the crime of possession of child pornography if the person knowingly possesses any material that visually or aurally depicts conduct described in AS 11.41.455(a) knowing that the production of the material involved the use of a child under 18 years of age who engaged in the conduct.

5. AS 11.56.510(a)(2)(A).

6. In Alaska, sixteen is the age at which a person is legally competent to consent to sex. AS 11.41.434(a)(3).

7. AS 11.71.010(a)(2) & AS 11.31.100.

8. Former AS 12.55.125(d)(1) & (e)(1) (amended and renumbered as (d)(2) & (e)(2) by ch. 2, §§ 5 & 6, SLA 2005).

appeals affirmed the superior court's decision.[9]

As part of the plea agreement, Parker stipulated to two statutory aggravating factors for Count I (controlled substance): (1) he knew that the offense involved more than one victim,[10] since he distributed the LSD to three people; and (2) "the conduct constituting the offense was among the most serious conduct included in the definition of the offense."[11] Parker also agreed to a statutory aggravator for Count II (exploitation of a minor), because the felony offense was based on specified sexual conduct and Parker had previously engaged in the same or other specified sexual conduct involving the same or another victim.[12]

At sentencing, Parker sought a statutory mitigator for both the exploitation and possession sentences, arguing that his conduct "was among the least serious conduct included in the definition of the offense."[13] As the proponent of the statutory mitigator, Parker bore the burden of proof by clear and convincing evidence.[14] Parker's attorney argued that the superior court should mitigate the exploitation and possession offenses because the photos and videos depicted "legal, consensual sexual behavior" and the images were intended for private rather than commercial use.

For the exploitation of a minor offense, Judge Card noted that the older the victim, the more likely that the court might find the "least serious" mitigating factor. However, even though V.M. was approaching adulthood (defined as age eighteen in the child pornography statutes), she was still entitled to the protection of the exploitation statute:

> I find the conduct typical. It may be on the lower end of the typical scale, but it's not least serious. I think I could probably find it least serious the closer they get to 18, this youngster was 16 going on 17 during the time the pictures were taken. And so, it's getting on the higher end, but it's—I find it typical. The legislature says that children of that age need protection also, not just children who are too young to have minds of their own ... [sixteen- and seventeen-year-olds] are also highly impressionable by adults.

For the possession of child pornography offense, the superior court declined to find the "least serious" mitigator for several reasons. Parker not only possessed the pictures, he also produced them. Parker's purpose in possessing the images was irrelevant, since the statute does not distinguish between possession for private versus commercial purposes. Judge Card stated, "[T]he statute doesn't talk about what you do with them, it just talks about ... the mere possession." Furthermore, each photograph and video could warrant a separate charge under the possession statute.[15] Therefore, considering the "substantial number" of pornographic images, the conduct was not "least serious."[16]

In total, the superior court applied two aggravators to Count I and one aggravator each to Counts II and III. The superior court

9. *Parker v. State*, Alaska App. Memorandum Opinion No. 4850 (March 31, 2004), 2004 WL 720111 (*Parker I*).

10. AS 12.55.155(c)(9).

11. AS 12.55.155(c)(10).

12. AS 12.55.155(c)(18)(B) ("[T]he offense was a felony ... specified in AS 11.41.410–11.41.458 and the defendant has engaged in the same or other conduct prohibited by a provision of AS 11.41.410–11.41.460 involving the same or another victim."). The range of sexual offenses for this aggravator includes unlawful exploitation of a minor. AS 11.41.455.

13. Former AS 12.55.155(d)(9) (renumbered as (d)(8) by ch. 2, § 19, SLA 2005).

14. *Juneby v. State*, 665 P.2d 30, 32 (Alaska App. 1983); former AS 12.55.155(f).

15. AS 11.61.127(c) provides:

> Each film, audio, video, electronic, or electromagnetic recording, photograph, negative, slide, book, newspaper, magazine, or other material that visually or aurally depicts conduct described in AS 11.41.455(a) [unlawful exploitation of a minor] that is possessed by a person knowing that the production of the material involved the use of a child under 18 years of age that engaged in the conduct is a separate violation of this section.

16. Judge Card indicated that Parker's production and possession of the images would probably not merit the "most serious" aggravator, either. AS 12.55.155(c)(10).

sentenced Parker to nineteen years with eight years suspended.[17]

Parker appealed several issues to the court of appeals, including the one before us now: whether the superior court erred in failing to find the "least serious conduct" mitigator as to both the exploitation and possession offenses. The court of appeals agreed with Parker, holding that his conduct was among the least serious included in the definition of the offenses.[18] It remanded to the superior court for resentencing.[19]

We granted the state's petition for hearing on the "least serious conduct" mitigator issue.

## III. STANDARD OF REVIEW

We apply a *de novo* standard to review Parker's proposed mitigating factors. After the court of appeals's decision in *Parker II,* but prior to oral argument before this court, we clarified the standard of appellate review for mitigating factors, particularly for the "least serious" mitigating factor at issue in this case. In *Michael v. State,*[20] we held that determining the existence of a mitigating factor is a mixed question of law and fact. The finding of a mitigator involves a two step process: 1) the superior court assesses the nature of the defendant's conduct, which is a question of fact, reviewed for clear error; and 2) it determines whether a mitigating factor applies to the defendant's conduct, which is a question of law, reviewed *de novo.*[21]

We have not directly addressed procedures for finding mitigating factors. In *Michael*

we remanded the case to the court of appeals, directing it to apply a *de novo* standard of review, rather than a "clear error" standard of review, to the superior court's rejection of the "least serious" mitigator.[22]

## IV. DISCUSSION

### A. The Superior Court Did Not Err in Rejecting the "Least Serious" Mitigator.

■ Because V.M. was two years younger than the cutoff age for exploitation of a minor when many of the photos were taken, because of the substantial number of pornographic photos and videos of V.M. that Parker both produced and possessed, and because intent to distribute is not an element of either the exploitation of a minor statute or the possession of child pornography statute, we hold that the superior court did not err in rejecting the "least serious" mitigating factor.

#### 1. Parker's conduct was less serious than commercial production of child pornography, but this does not render his conduct "least serious."

In *Parker II,* the court of appeals reversed the superior court and found that Parker's conduct was among the "least serious" included in the definition of the offense because Parker's sexual relations with the sixteen- and seventeen-year-old V.M. were lawful and there was no evidence that he

---

**17.** The superior court sentenced Parker as follows: Count I (controlled substance), fifteen years with five years suspended, ten years to serve presumptive; Count II (exploitation), six years with three years concurrent to Count I and the other three years consecutive, two years of which are suspended and one year consecutive to Count I to serve; Count III (possession), three years with two years concurrent to Count I and Count II and one year consecutive to Counts I and II, suspended.

**18.** *Parker v. State,* 90 P.3d 194, 200 (Alaska App. 2004) (*Parker II* ).

**19.** *Parker II,* 90 P.3d at 200.

**20.** 115 P.3d 517, 519 (Alaska 2005).

**21.** *Id.*

**22.** *Id.* at 520. Michael was convicted of first-degree sexual assault for groping and digitally penetrating an eighteen-year-old female friend of his daughter. The penetration lasted no more than ten seconds and Michael stopped his assault after the victim's repeated protests. The superior court rejected Michael's proposed "least serious" mitigator because of "the age difference and relationship of trust" between Michael and the victim. *Id.* at 518. The court of appeals affirmed, holding that it was not clear error for the superior court to reject the mitigator. *Michael v. State,* 2003 WL 294411 at *1 (Alaska App.2003) (unpublished).

distributed the images to anyone else.[23] Furthermore, the court of appeals accepted Parker's argument that his conduct was *"minimally serious* when compared to the chief evils targeted by [the child pornography] statutes: the commercial creation of child pornography and its distribution to pedophiles." [24] Finally, the court of appeals discounted the state's argument that Parker had manipulated V.M. in order to get her to pose, since this argument was "really an attack on the legislature's decision to establish sixteen as the age of consent." [25]

We disagree. Even if some aspects of Parker's conduct were less serious than the "chief evils" targeted by these statutes, it does not follow that his acts were "among the least serious" in the definitions of the exploitation and possession statutes as required by AS 12.55.155(d)(9). As the state's attorney observed at sentencing, "The fact that something is not most serious ... does not make it least serious."

### 2. Parker's case falls into the broad category of typical cases to which the presumptive sentence applies.

The presumptive term for a second felony conviction will apply in the majority of cases. As the court of appeals noted in *Knight v. State:*

> The presumptive term for any given class of case represents the appropriate sentence for typical cases in that class, a relatively broad category into which most cases will fall; statutory aggravating and mitigating factors define the peripheries of this category, identifying relatively narrow circumstances that tend to make a given

case atypical and place it outside the relatively broad presumptive middle ground.[26]

The legislature intended for the "most serious" aggravating factor and the "least serious" mitigating factor to have a limited scope. The potential scope of these factors is most clearly indicated in criminal statutes which are defined by number or value. For instance, according to the legislative commentary on Alaska's Revised Criminal Code:

> Under subsections [AS 12.55.155](c)(10) and (d)(9) a presumptive term may be aggravated or mitigated if the conduct constituting the offense was among the most or least serious conduct included within the definition of the offense. For example, if the defendant was convicted of a felony two years earlier, and is now being sentenced for the theft of $24,999, theft in the second degree, a class C felony, the fact that the conduct constituting the offense was among the most serious conduct included in theft in the second degree may aggravate the presumptive term.[27]

Similarly, when it rejected the "least serious" mitigator, the superior court focused on easily quantifiable elements of Parker's offenses: the victim's age and the number of pictures that Parker produced and possessed. The superior court was entitled to consider the fact that many of the pictures were taken when V.M. was sixteen, two years shy of adulthood and less than twelve months past the age of consent. As the superior court noted, V.M.'s age places the crime toward the lower end of typical child pornography offenses, but not necessarily among the least serious. Additionally, the superior court noted the "substantial number" of photos in Parker's briefcase. Even assuming

---

23. *Parker II,* 90 P.3d at 200. However, the court of appeals may have also relied upon an inaccurate view of the facts. According to *Parker II,* "Parker noted that all of the photographs and videos seized by the State depicted V.M." *Id.* at 200. But Parker's presentence report indicates that, in addition to the nude photos and videos of V.M., Parker's briefcase also contained several semi-nude photos of two other minor teenage girls.

24. *Id.* (emphasis added).

25. *Id.*

26. *Knight v. State,* 855 P.2d 1347, 1349 (Alaska App.1993).

27. Commentary on the Alaska Revised Criminal Code, Senate Journal Supp. No. 47 at 161, 1978 Senate Journal following p. 1413. This comment refers to the fact that theft of $24,999 is only $1 short of first degree theft, which is a class B felony. *Compare* AS 11.46.120 (first degree theft) *and* AS 11.46.130 (second degree theft). *See also Braaten v. State,* 705 P.2d 1311, 1325 (Alaska App.1985) (Singleton, J., concurring) (conduct approaching lesser-included offense should warrant "least serious" mitigator).

that only sixty of the photos qualified as pornographic, as Parker now argues, (an issue we do not decide) this number goes more than halfway to establishing a *prima facie* case of intent to distribute child pornography.[28] (And this calculation does not include the three pornographic videotapes of the victim that Parker produced and possessed.)

Furthermore, where a no contest plea results from a plea bargain, as in Parker's case, an underlying course of conduct comprising multiple potential offenses not all of which are charged, may also weigh against the "least serious" mitigator. We have already noted that each pornographic photograph and video found in Parker's briefcase could support a separate violation of AS 11.61.127. Additional information from Parker's presentence report might have led to further charges: His briefcase contained semi-nude photos of two other underage girls in addition to the pornographic pictures and videos of V.M., and he allegedly gave two of the girls marijuana and alcohol, in addition to the LSD for which he was convicted.

### 3. Parker's alleged lack of intent to distribute the images does not mandate the "least serious" mitigator.

The statutes forbidding production[29] and possession[30] of child pornography seek to protect everyone under age eighteen by deterring both privately and commercially produced child pornography. Therefore, Parker's alleged lack of intent to distribute the photographs and videos, purportedly evidenced by his concealment of them in a locked briefcase in a closet in his house, even

if proven by clear and convincing evidence, does not mandate a "least serious" mitigator.

In 1983 the legislature passed HB 270 to expand prohibitions on child pornography.[31] House Bill 270 raised the age of a minor from sixteen to eighteen for purposes of exploitation; extended the prohibition to cover child pornography created for private purposes by deleting the requirement that the images be produced for "any commercial purpose;" raised exploitation from a Class C felony to a Class B felony; and created a new Class C felony prohibiting the distribution of child pornography.[32] Parker offers legislative records and news articles indicating that when HB 270 was introduced in 1983 child prostitution and pornography rings had received considerable attention in the legislature and the media.

However, even if HB 270 was a reaction to "the chief evils" of "commercial creation of child pornography and its distribution to pedophiles,"[33] this does not end the inquiry. Lack of intent to distribute child pornography does not necessarily render exploitation "least serious." For instance, in *Harris v. State*,[34] the defendant took four nude photos of the thirteen-year-old daughter of the woman who lived with him.[35] The pictures depicted a man's hand touching the child's genitals.[36] A jury convicted Harris of two counts of exploiting a minor.[37] Harris sought unsuccessfully to mitigate his sentence, arguing that his conduct was among the least serious in the definition of the offense.[38]

As the court of appeals noted in *Harris*, given that Harris had taken only four photographs, none of which depicted sexual penetration, Harris's conduct could tend toward the "least serious" range, especially if the

---

**28.** AS 11.61.125(c) provides:
The possession of 100 or more films, audio, video, electronic, or electromagnetic recordings, photographs, negatives, slides, books, newspapers, magazines, or other materials, including a combination of these items totaling 100 or more, is prima facie evidence of distribution and intent to distribute [child pornography]. . . .

**29.** AS 11.41.455.

**30.** AS 11.61.127.

**31.** Ch. 57, § 1, SLA 1983.

**32.** Ch. 57, § 2, SLA 1983.

**33.** *Parker II*, 90 P.3d at 200.

**34.** 790 P.2d 1379 (Alaska App.1990).

**35.** *Id.* at 1380.

**36.** *Id.*

**37.** *Id.* at 1379–80.

**38.** *Id.* at 1382.

photographs were not intended for distribution.[39] But Harris had also indicated that another man was present when the photographs were taken and that it was the other man's hand touching the child in the photographs.[40] Noting these facts, the court of appeals declined to rule that the "least serious" mitigator applied:

> [W]hile commercial exploitation or mass distribution of pictures taken in violation of the statute might serve to enhance or aggravate the offense, we are not prepared to say on this record that taking four photographs on three separate days during a one-week period necessarily constitutes the least serious conduct within the contemplation of the statute.[41]

Therefore, although production of child pornography for public distribution is more serious than production for private use, private use does not per se demand a "least serious" mitigator finding; lack of intent to distribute is a defense against the separate crime of distribution of child pornography. Production of child pornography is a separate crime and, until recently, was a more serious crime than distribution.[42] This belies Parker's argument that private use renders his conduct "least serious." As the *Harris* court observed, the statutory scheme created by HB 270 indicates that the legislature regarded the creation of a permanent record as one of the most harmful aspects of child pornography, irrespective of its eventual use:

> Alaska Statute 11.41.455 as originally enacted banned only commercial exploitation of children. It was amended in 1983 to prohibit exploitation for private pur-

poses.... It is significant that the legislature has made the taking of such pictures a class B felony ... but their distribution a class C felony.... *Thus, it is the creation of a permanent record that is the more serious crime and not its distribution or exploitation thereafter.*[43]

### 4. The victim's age does not require the "least serious" mitigator.

Parker focuses on the alleged absurdity of a legal regime that permits him to have sex with someone between the ages of sixteen and eighteen, but prevents him from taking pictures of his sexual activity with that person. He argues that the exploitation and possession statutes have two independent purposes: "to deter persons from taking any lewd photographs of persons under the age of 16, and to deter persons from taking lewd photographs of 16 and 17 year olds for the purposes of distribution." Under this strained interpretation, it is only incidental that his photography and filming of V.M. are punishable at all.

Parker urges us to adopt his interpretation under the rule of lenity, according to which "words are given their ordinary meaning and ... any reasonable doubt about the meaning is decided in favor of anyone subjected to a criminal statute."[44] Yet the relevant statute must be reasonably susceptible to the meaning proferred by the defendant.[45]

We disagree with Parker's interpretation of the statutes, and conclude that the statutes are not reasonably susceptible to his interpretation. The relevant statutes simply refer to "a child under 18 years of age,"[46]

39. *Id.* at 1383–1384 (relying on *New York v. Ferber*, 458 U.S. 747, 758–59, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982)).

40. *Id.*

41. *Id.*

42. Unlawful exploitation of a minor is a class B felony. AS 11.41.455(c)(1). Before June 11, 1998, distribution of child pornography was a class C felony. Former AS 11.61.125(e)(1). It was increased to a class B felony. AS 11.61.125(e)(1); ch. 81, § 6, SLA 1998.

43. *Harris*, 790 P.2d at 1384 (emphasis added).

44. 3 Norman J. Singer, Statutes and Statutory Construction § 59:3, at 126–31 (6th ed.2000). The rule of lenity applies to sentencing provisions as well as provisions defining crimes. *State v. Andrews*, 707 P.2d 900, 907 (Alaska App.1985), *opinion adopted by State v. Andrews*, 723 P.2d 85, 86 (Alaska 1986).

45. *See Brookins v. State*, 600 P.2d 12, 17–18 (Alaska 1979).

46. *See* AS 11.41.455(a): "... the person knowingly induces or employs a child under 18 years of age"; AS 11.61.127(a): the person possesses pornographic materials described in AS 11.41.455 "knowing that the production of the

and they do not distinguish between child pornography produced or possessed for private purposes and that intended for distribution. Even if, as Parker contends, the legislature originally raised the victim age from sixteen to eighteen in order to make it easier to obtain convictions in cases where the child in a pornographic photograph cannot be identified (on the theory that it is easier to prove that a person is under eighteen than it is to prove that a person is under sixteen), this does not automatically mean that sixteen- and seventeen-year-olds are entitled to less protection. A recent amendment to AS 11.41.455 only increases the penalty for exploitation of a minor, without distinction on account of the victim's age.[47] We find no indication in the language or history of the statute that the legislature intended to treat private production and use of pornographic images of sixteen- and seventeen-year-olds more leniently than similar activity involving younger children.

The decision of the court of appeals in *Shaw v. State*[48] is instructive here. In that case, the superior court rejected a "least serious" mitigator for first-degree misconduct involving weapons. Shaw, a convicted felon, was prohibited from owning a handgun. In an attempt to mitigate his sentence, Shaw pointed to the purpose of the felon in possession statute: to prevent the concealment and use of firearms in violent crime.[49] Shaw argued that because he did not intend to use the handgun for a violent crime or any other illegal purpose, his possession of the handgun should be deemed least serious. The court of appeals noted that brief possession, such as finding a weapon and returning it to its owner might be least serious. But a trial court was entitled to find that extended

possession, even with no other illegal purpose in mind, was neither least serious nor most serious.[50] That is, it was typical. We view Parker's conduct in the same light, acknowledging that while it falls short of the most serious conduct in the exploitation and possession statutes, it exceeds least serious conduct as well.

### B. Issues Not Raised Until the Reply Brief Are Waived.

 By pleading no contest to exploitation of a minor and possession of child pornography, Parker waived his right to argue that the statutes are unconstitutional.[51] However, in his reply brief to the court of appeals in *Parker II* and in his brief to this court, Parker argues that his sentence should be mitigated since the exploitation and possession statutes intrude on his constitutional rights to free speech, free association, and privacy. This is merely an attempt to revive the previously waived constitutional arguments. Further, we do not consider arguments raised for the first time in a reply brief.[52] Alaska Appellate Rule 212(c)(3) mandates that a reply brief "may raise no contentions not previously raised in either the appellant's or appellee's briefs." Consequently, by failing to raise them in a timely manner, Parker has waived these arguments.

## V. CONCLUSION

Because the superior court did not err in rejecting the least serious conduct mitigator, we REVERSE the court of appeals's decision holding that Parker's conduct was among the least serious conduct included in the definition of the offenses.

Because the court of appeals did not address Parker's claim that his composite sen-

---

material involved the use of a child under 18 years of age who engaged in the conduct."

47. A 2004 amendment to AS 11.41.455 added subsection (c)(2), increasing the crime to a class A felony if the defendant has been previously convicted of unlawful exploitation of a minor. Ch. 131, § 1, SLA 2004. We have previously noted that the sentences authorized by a new criminal code are a factor which may be considered in imposing sentence under the old criminal code. *Whittlesey v. State*, 626 P.2d 1066, 1068 (Alaska 1980); *Law v. State*, 624 P.2d 284, 287

(Alaska 1981). *See also Qualle v. State*, 652 P.2d 481, 485 (Alaska App.1982).

48. 677 P.2d 259 (Alaska App.1984).

49. *Id.* at 260.

50. *Id.*

51. *See Parker II*, 90 P.3d at 200.

52. *Rausch v. Devine*, 80 P.3d 733, 740 n. 32 (Alaska 2003).

tence should be reduced,[53] we remand to the court of appeals to consider that claim.

BRYNER, Chief Justice, with whom FABE, Justice, joins, concurring.

I agree with the result of today's opinion but would reach that result by a somewhat different approach: Under AS 12.55.155(f), Parker bore the burden of proving his alleged mitigating factor by clear and convincing evidence.[1] Parker failed to meet this burden.

Parker offered no evidence to support his claim that he privately created and kept the disputed photos and videos exclusively for his own personal use. He relied instead on the conclusory and unsworn claims he made in his presentence report and while he was being investigated by the police. The only hard evidence supporting his claims appears to be that his photos and videos of V.M. were kept in a locked briefcase in Parker's bedroom. But the record further suggests that Parker's son knew that the photos existed and where they were kept: he evidently became angry at Parker, broke into the briefcase so that he could use the photos against him, and proceeded to share them with friends. The totality of this evidence hardly instills confidence in Parker's self-serving claim that he created and kept the photos and videos exclusively for his own private use.

Parker similarly offered nothing but conclusory claims to support his assertions that V.M. was his "girlfriend" and "lover." And V.M.'s description of their relationship provides compelling evidence refuting these claims. By her own account, V.M. was neither a lover nor girlfriend to Parker: she came to his house and was willing to pose for sexually explicit photos and videos simply because he continuously plied her with LSD, marijuana, and tobacco.

Despite Parker's failure to present any solid evidence, let alone clear and convincing proof, to support his claims of a lover's relationship with V.M. and of private possession, the court of appeals accepted his claims at face value and used them, together with V.M.'s age—which the court viewed as making her sexual relations with Parker "lawful"—as the core facts supporting its conclusion that the proposed mitigating factor applied to Parker's case.

In reaching its decision, the court of appeals evidently overlooked Parker's burden and standard of proof. The court's opinion does not mention these points. In fact, the opinion appears to have faulted the state for failing to present evidence refuting Parker's argument that the proposed mitigator applied:

> In arguing for mitigator (d)(9), Parker noted that all of the photographs and videos seized by the State depicted V.M., Parker's seventeen-year-old girlfriend. As we have explained, Parker's sexual relations with V.M. were lawful (because she was over the age of consent). *Parker further noted that the State produced no evidence that Parker had distributed or shown these photos and videos to anyone else* (besides V.M.). Parker argued that, considering all of the conduct encompassed by the statutes defining exploitation of a minor and possession of child pornography, Parker's private creation and private possession of photographic and videographic images for the personal use of himself and his lover was among the least serious conduct.
>
> *We agree.* ... Parker was ... entitled to argue that, given the lawfulness of his sexual relations with V.M., *and given the lack of evidence that Parker distributed these images to anyone else* (whether commercially or non-commercially), his con-

---

53. The court of appeals understandably did not reach the composite sentence issue because its holding on the least serious conduct mitigator made it unnecessary to do so.

1. At the time of Parker's sentencing, AS 12.55.155(f) provided, in relevant part: "[F]actors in aggravation and factors in mitigation must be established by clear and convincing evi-

dence[.]" The court of appeals has consistently interpreted this provision to mean that "each alleged factor must be proved by clear and convincing evidence, and the proponent of the factor bears the burden of proof." *Juneby v. State,* 665 P.2d 30, 32 (Alaska App.1983); *see also Lewandowski v. State,* 18 P.3d 1220, 1223 (Alaska App. 2001).

duct was minimally serious when compared to the chief evils targeted by these statutes[.] [2]

In short, I would affirm the superior court's rejection of Parker's proposed mitigating factor on the ground that Parker failed to present clear and convincing evidence that his conduct was among the least serious in its class. Parker offered no clear and convincing evidence that V.M. was his "girlfriend" or "lover"; nor did he prove that he created and kept her photos and videos solely for his own private use. And although his relations with V.M. may have been "lawful" in the narrow sense that V.M. was over the age of legal consent to have sex, Parker hardly proved that they were lawful in any broader sense. Parker obtained V.M.'s consent by constantly giving her tobacco and drugs—conduct amounting to an unclassified felony—and then took advantage of her consent to involve her in a lengthy course of criminal conduct involving the production of child pornography.

When viewed in its totality from any perspective but Parker's, this conduct is not among the least serious included in the definition of his crimes. And even from Parker's perspective, the record discloses no evidence providing clear and convincing support for his claim that this factor applies.

I concur with the court on this ground.

---

**2.** *Parker v. State,* 90 P.3d 194, 199–200 (Alaska App.2004) (emphasis added).