**David Lee PARKER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–08114.**

Court of Appeals of Alaska.

Dec. 1, 2006.

---

**34.** *Knix,* 922 P.2d at 918 n. 6.

**35.** *Id.* at 919.

**36.** *Gundersen,* 792 P.2d at 676 n. 6.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### ORDER

In *Parker v. State*, 90 P.3d 194 (Alaska App.2004), we upheld Parker's convictions for attempted distribution of LSD to a minor, exploitation of a minor (*i.e.*, taking sexually suggestive photographs of a minor), and possession of child pornography (possession of these same photographs). 90 P.3d at 201. However, we vacated Parker's sentences for the latter two crimes—exploitation of a minor and possession of child pornography—because we held that the superior court should have found mitigating factor AS 12.55.155(d)(9) (conduct among the least serious within the definition of the offense). *Id.*

The State petitioned the Alaska Supreme Court to review our decision. Three weeks ago, in *State v. Parker*, Alaska Opinion No. 6071, 147 P.3d 690 (2006), the supreme court reversed our decision regarding mitigator (d)(9); that is, the supreme court held that the superior court properly rejected this proposed mitigator. The supreme court then directed us to consider the remaining issue in Parker's case: Parker's assertion that his composite sentence is excessive.

Parker was convicted of three separate felonies: a class A felony (attempted delivery of LSD to a minor),[1] a class B felony (exploitation of a minor),[2] and a class C felony (possession of child pornography).[3] His composite sentence for these three crimes was 19 years with 8 year suspended—*i.e.*, 11 years to serve.

Because Parker was a second felony offender, this 11 years to serve was only slight-ly more severe than the 10–year presumptive term of imprisonment that Parker faced for his single most serious crime—attempted delivery of LSD to a minor.[4] Moreover, as part of his plea bargain, Parker conceded one aggravating factor relating to this drug offense: aggravator (c)(10)—that his conduct was among the most serious—because, as a factual matter, Parker actually *delivered* LSD to a minor. *See Parker v. State*, 90 P.3d at 199.

Given the fact that Parker faced a 10–year presumptive term of imprisonment for the drug offense, the fact that Parker conceded the aggravator, and the fact that Parker was being sentenced for the two other felonies as well (exploitation of a minor, and possession of child pornography), Parker's composite sentence of 19 years' imprisonment with 8 years suspended is not clearly mistaken.

However, as we noted in our initial opinion, 90 P.3d at 200–01, the superior court committed error when sentencing Parker for the class C felony of possession of child pornography. Parker faced a 2–year presumptive term for this offense, and the State proved no aggravating factors with regard to this offense. Nevertheless, the superior court added 1 year of suspended imprisonment to Parker's presumptive term. (That is, the superior court sentenced Parker to 3 years with 1 year suspended). The State concedes that this was error—that Parker could lawfully receive no more than the 2–year presumptive term for this offense. Now that the case has returned to us, we reiterate that Parker's judgement needs to be amended to correct this error.

With this proviso, the superior court's sentencing decision is AFFIRMED.

This order constitutes the final order of this Court for purposes of Appellate Rules 507(a), 506(b) (rehearing), and 303(a)(1) (petition for hearing to the supreme court).

---

1. AS 11.71.010(a)(2) and AS 11.31.100(d).

2. Former AS 11.41.455(c) (pre-September 2004 version).

3. AS 11.61.127(d).

4. Former AS 12.55.125(c)(3) (pre-March 2005 version).