**Daniel M. HOEKZEMA, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9890.**

Court of Appeals of Alaska.

Sept. 26, 2008.

---

Doug Miller, Assistant Public Advocate, and Joshua Fink and Rachel Levitt, Public Advocates, Anchorage, for the Appellant.

Terisia Chleborad, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Daniel M. Hoekzema appeals his conviction for fourth-degree controlled substance misconduct (possession of at least one ounce of marijuana with intent to deliver),[1] and he also appeals the sentence that he received for this crime.

Hoekzema contends that the evidence presented at his trial was insufficient to support the conclusion that he possessed one ounce or more of marijuana. He further contends that even if the evidence of possession was sufficient, the evidence was insufficient to support the conclusion that he intended to distribute this marijuana. For the reasons explained here, we conclude that the evidence was sufficient to establish both of these elements.

With regard to his sentence, Hoekzema argues that the superior court improperly treated him as a third felony offender rather than a second felony offender for presumptive sentencing purposes. For the reasons explained here, we direct the superior court to reconsider this issue.

Hoekzema further argues that the superior court committed error when the court rejected his two proposed mitigating factors: AS 12.55.155(d)(8) (that his conduct was among the least serious encompassed by the definition of the offense), and AS 12.55.155(d)(13) (that his controlled substance offense involved only small quantities). We uphold the superior court's ruling with respect to mitigator (d)(8), but we reverse the superior court's ruling with respect to mitigator (d)(13). Under the facts of Hoekzema's case, the superior court should have found this mitigator.

---

1. AS 11.71.040(a)(2).

*Underlying facts*

For purposes of resolving Hoekzema's claim that the evidence was insufficient to support his conviction, we are obliged to view the evidence in the light most favorable to sustaining the jury's verdict.[2] We therefore recite the evidence in that light here.

A state trooper stopped Hoekzema's vehicle on the Parks Highway because the vehicle had an inoperable headlight and an expired registration. When Hoekzema rolled down his car window, the trooper detected the odor of fresh or green marijuana coming from inside the car. The trooper then noticed a one-quart Ziploc bag and one smaller sandwich bag on the floor of the car. When the trooper asked Hoekzema if there was marijuana in these bags, Hoekzema replied that there had been marijuana in the bags, but they were now empty. When Hoekzema held the bags up for the trooper to see, the trooper observed remnants of marijuana in the bags.

Hoekzema consented to have the trooper search his vehicle, and the trooper directed Hoekzema to stand in front of the vehicle so he could see Hoekzema while he searched the car.

While the trooper conducted the search of the car, he noticed that Hoekzema was pacing in front of the vehicle, and that Hoekzema also repeatedly put his hands in and out of his jacket pockets in a manner suggesting that he might be trying to throw something to the ground. According to the trooper, Hoekzema watched him "like a hawk", and he seemed to be waiting for an opportunity to do something when the trooper was not watching.

To test this hypothesis, the trooper ducked his head under the dashboard to see what Hoekzema would do when he was out of sight. The trooper observed Hoekzema turn his back, hunch up his shoulders, look away, bring his hands together in front of him, and make "a quick motion". These actions led the trooper to believe that Hoekzema had just thrown something to the ground.

The trooper got out of the car and walked to where Hoekzema had been standing. There, on the ground, the trooper observed a quart-size Ziploc bag. This quart-size bag contained twelve individually wrapped cellophane baggies of marijuana, each baggie containing an approximately equal amount (slightly over 2.5 grams). All told, the quart-size bag contained 31 grams of marijuana.

The trooper then searched Hoekzema's person and found an orange-colored pill bottle containing another 4.4 grams of marijuana. Hoekzema told the trooper that this marijuana was "[his] personal stash".

Based on these events, Hoekzema was charged with possession of one ounce or more of marijuana with intent to deliver. (One ounce equals 28.35 grams.)

*Hoekzema's claim that the evidence is insufficient to support his conviction*

Hoekzema makes two separate claims regarding the sufficiency of the evidence to support the jury's verdict. First, he claims that the evidence is insufficient to support a finding that he possessed the marijuana found in the quart-size bag on the ground. Second, he claims that even if the evidence is sufficient to establish his possession of this marijuana, the evidence is insufficient to support a finding that he intended to distribute the marijuana.

■ When a defendant challenges the sufficiency of the evidence to support the verdict, the test is whether, viewing the evidence (and the inferences to be drawn from that evidence) in the light most favorable to upholding the verdict, fair-minded people could conclude that the State had proved these elements.[3]

■ Here, the trooper's observations of Hoekzema's furtive movements, followed by the trooper's discovery of the quart-size bag (a bag filled with smaller baggies of marijuana) in the place where Hoekzema had been standing, are sufficient to support a reasonable inference that Hoekzema knowingly pos-

---

**2.** *Eide v. State,* 168 P.3d 499, 500–01 (Alaska App.2007).

**3.** *Eide,* 168 P.3d at 500–01.

sessed the bag and the marijuana within the bag.

◼ With regard to whether the evidence was sufficient to establish that Hoekzema intended to sell or otherwise distribute this marijuana, we note that the marijuana in the quart-size bag was divided into twelve smaller baggies, each containing an essentially equal amount of marijuana. The State presented evidence (in particular, the testimony of Houston Police Chief John Rhyshek) that packaging of this sort indicated that the smaller baggies of marijuana were destined for sale. We further note that, when the trooper searched Hoekzema's person and found a separate container (an orange-colored pill bottle) with another 4.4 grams of marijuana, Hoekzema told the trooper that this marijuana was his "personal stash"—thus suggesting that the marijuana in the quart-size bag was *not* for personal use. All together, this evidence was sufficient to support a reasonable conclusion that Hoekzema intended to distribute the 31 grams of marijuana found in the quart-size bag.

For these reasons, we conclude that the evidence presented at Hoekzema's trial is sufficient to support his conviction.

*Whether Hoekzema should have been sentenced as a second felony offender or a third felony offender*

◼ Hoekzema's offense, fourth-degree controlled substance misconduct, is a class C felony.[4] The overall sentencing range for this class C felony is 0 to 5 years' imprisonment. There is a presumptive sentencing range of 2 to 4 years for second felony offenders, and a presumptive range of 3 to 5 years for third (or subsequent) felony offenders.[5]

Hoekzema had two prior felony convictions—a conviction for first-degree robbery and a conviction for first–degree assault—but both of these convictions arose from the same criminal episode, and Hoekzema received concurrent sentences for these two crimes. Because of this, there is a question as to whether Hoekzema should have been treated as a second felony offender or a third felony offender for presumptive sentencing purposes.

The calculation of a defendant's number of prior felony convictions is governed by AS 12.55.145. Under subsection (a)(1)(C) of that statute, if a defendant has two or more felony convictions "arising out of a single, continuous criminal episode", and if "there was no substantial change in the nature of the criminal objective" during that episode, and if the defendant "was [not] sentenced to consecutive sentences for the crimes", then these felony convictions "are considered a single [felony] conviction" for the purpose of determining whether the defendant is a second or a third felony offender under the presumptive sentencing laws.

Because Hoekzema's two prior felony convictions arose from a single criminal episode, and because he received concurrent sentences for these two crimes, the only question remaining under AS 12.55.145(a)(1)(C) is whether there was a "substantial change in the nature of the criminal objective" during the criminal episode. That issue was not litigated in the superior court.

On appeal, the State asserts that if Hoekzema believed that he should be treated as a second felony offender rather than as a third felony offender, then it was Hoekzema's burden to raise this issue and litigate it. Normally, we might agree with the State. But the facts of Hoekzema's case are a bit unusual.

Alaska Criminal Rule 32.1(a)(2)(A) declares that if a defendant is convicted of a felony governed by presumptive sentencing, "[t]he state shall file a notice [that] presumptive sentencing [applies] and [shall list] the defendant's prior convictions that qualify as prior felony convictions under AS 12.45.145". [*Sic:* The correct statute is "AS 12.*55*.145".]

In Hoekzema's case, the State filed the required notice, and this notice listed Hoekzema's two prior felony convictions from a single court case (File No. 3PA–92–1387 Cr), but the State did not explicitly assert whether it believed that these two

---

**4.** AS 11.71.040(d).

**5.** AS 12.55.125(e).

prior convictions should be counted as separate convictions or as a single conviction under AS 12.55.145.

Even though the State's notice did not say whether the State believed that Hoekzema should be sentenced as a second or third felony offender, the prosecutor had already implicitly announced the State's position on this matter—by telling the superior court that Hoekzema should be sentenced as a second felony offender.

As explained above, Hoekzema faced a presumptive sentencing range of 2 to 4 years if he was a second felony offender, and a sentencing range of 3 to 5 years if he was a third felony offender. At the end of Hoekzema's trial, after the jury found Hoekzema guilty and the judge ordered preparation of a pre-sentence report, the following colloquy occurred between the trial attorneys and the trial judge, Superior Court Judge *pro tempore* Gregory Heath. During this colloquy, the prosecutor told the judge that even though Hoekzema had two prior felony convictions, the minimum presumptive term was 2 years, not 3—thus implying that the prosecutor believed that Hoekzema should be treated as a second felony offender:

> *The Court:* This [will be] a presumptive felony sentence?
>
> *Prosecutor:* Yes, it [will be].... His prior—I'll get it for you. Assault and burglary, I believe. [*Sic:* assault and robbery] He's got two previous felonies.
>
> *The Court:* [Then] he's looking at a presumptive three years on this case?
>
> *Defense Attorney:* No, two years.
>
> *Prosecutor:* Two [years] on each.[6]
>
> . . .
>
> *The Court:* So he has one prior felony conviction?
>
> *Prosecutor:* No, sir.
>
> *The Court:* Two prior [convictions]?

> *Prosecutor:* He has a '93 robbery and a '93 assault, which [was reduced from] attempted murder....
>
> *The Court:* And ... was that the same case?
>
> *Defense Attorney:* Yes.
>
> *The Court:* Okay.
>
> *Prosecutor:* Same cases. [*sic*]

The prosecutor repeated this same view of matters at Hoekzema's sentencing hearing. At the sentencing hearing, the State proved one aggravating factor: AS 12.55.155(c)(7)—that Hoekzema's prior felony offenses (first-degree robbery and first-degree assault, both class A felonies) were of a more serious class of felony than his current offense. During his sentencing argument, the prosecutor told Judge Heath that the sentencing range for Hoekzema's current offense was 2 to 5 years' imprisonment. This comment makes sense only if the prosecutor believed that Hoekzema faced a presumptive range of 2 to 4 years (the range prescribed for second felony offenders), but that Judge Heath had the authority to exceed this presumptive range and impose a sentence up to the 5-year maximum term because the State had proved the aggravating factor.

During the defense attorney's sentencing remarks, she too indicated that Hoekzema faced sentencing as a second felony offender. Although the defense attorney never directly asserted that Hoekzema was a second felony offender for presumptive sentencing purposes, her sentencing recommendation—2 years with 1 year suspended—appears to have been based on this premise.

Thus, from the remarks made at the close of Hoekzema's trial and then later at the sentencing hearing itself, it appears that both the prosecutor and the defense attorney held the belief that Hoekzema was a second felony offender for presumptive sentencing purposes—in other words, that Hoekzema's two prior felony convictions should only be count-

---

6. The State took Hoekzema to trial on two felony charges: the fourth-degree controlled substance misconduct charge that is the subject of this appeal, and a related charge of tampering with evidence (for throwing the bag of marijuana to the ground). The jury found Hoekzema guilty of both charges. However, at Hoekzema's sentencing hearing, the prosecutor conceded that the evidence tampering charge was not legally supportable, and this conviction was vacated by stipulation of the parties.

ed as one under the test laid out in AS 12.55.145(a)(1)(C).

But when Judge Heath announced his sentencing decision, he declared that Hoekzema was a third felony offender:

> *The Court:* The Court is going to decline to find ... [Hoekzema's proposed] mitigators. I don't think the defendant has proven [those] by a preponderance of the evidence. However, I'm not going to give any weight to the [State's] aggravator either. I don't think it really warrants any weight. [And] the presumptive part of the sentencing takes [into account] the aggravator anyway. He's a third-time presumptive [*sic*], so the presumptive sentencing range is 3 to 5 years. So I really don't need the aggravator to [impose] 5 years ... to serve—but I'm not going to impose that amount [in any event].

Judge Heath then sentenced Hoekzema to 5 years with 2 suspended (*i.e.*, 3 years to serve).

Shortly after Judge Heath announced this sentence, the prosecutor asked the judge a series of questions which indicated that he (*i.e.*, the prosecutor) still believed that Hoekzema was a second felony offender, not a third felony offender. In these questions, the prosecutor suggested that Hoekzema faced a presumptive sentencing range of 2 to 4 years, and that Judge Heath needed to rely on the aggravating factor if he was going to impose a total of 5 years (even with 2 of these years suspended):

> *Prosecutor:* Your Honor, may I ask [for] clarification [with regard to the marijuana sentence]?
>
> ...
>
> *The Court:* It's 5 years with 2 suspended, 3 to serve.
>
> *Prosecutor:* Okay.
>
> *The Court:* The presumptive 3.
>
> *Prosecutor:* And my understanding is ... that you're giving no weight to the aggravator[ ] for purposes of time to serve, but you're using the aggravator to get to the 5 years?
>
> *The Court:* I don't think, legally, [that] I have to [rely on the aggravator], because

the presumptive sentencing range is 3 to 5. . . .

> *Prosecutor:* Okay.

It is true, as the State points out on appeal, that the defense attorney made no objection (or any other comment) to Judge Heath's last-quoted remark. This lack of objection may be attributable to the fact that the State had proved an aggravator. Because of this aggravator, Judge Heath was authorized to impose a sentence of 5 years even if Hoekzema was a second felony offender and the applicable presumptive range was 2 to 4 years. *See* AS 12.55.155(a)(1).

Nevertheless, the record provides clear evidence that both the State and the defense believed that Hoekzema should be sentenced as a second felony offender rather than as a third felony offender, and that Judge Heath reached the opposite conclusion without seeking the input of the parties and without addressing the crucial factual issue under AS 12.55.145(a)(1)(C)—*i.e.*, the issue of whether there was a "substantial change in the nature of the criminal objective" during the criminal episode that gave rise to Hoekzema's two prior felony convictions.

As we explain in the next section of this opinion, we must send Hoekzema's case back to the superior court for re-sentencing because the court erroneously rejected Hoekzema's proposed mitigator of "small quantity". Since the superior court must reconsider Hoekzema's sentence, we direct the superior court to likewise reconsider whether Hoekzema was a second felony offender or a third felony offender for presumptive sentencing purposes.

*Hoekzema's proposed mitigators: conduct among the least serious, and small quantity*

■ As we noted earlier, Hoekzema proposed two mitigating factors under AS 12.55.155(d): (d)(8)—that his conduct was among the least serious within the definition of the offense; and (d)(13)—that his offense involved only small quantities of a controlled substance.

With regard to mitigator (d)(8), Hoekzema argued that his conduct was among the least serious because he was wrongfully convicted.

Hoekzema contended that the marijuana in his possession was not for sale or other distribution—that it was purely for his personal use. The jury had already resolved this issue when it found Hoekzema guilty of possession with intent to deliver, and Hoekzema was not entitled to relitigate this question of fact. Thus, Judge Heath properly rejected this proposed mitigator.

We do, however, find that the superior court committed error with respect to mitigator (d)(13), the "small quantities" mitigator. Hoekzema argued that his offense involved only a small quantity of marijuana because the statute proscribed possession of one ounce or more (*i.e.*, 28.35 grams or more), and Hoekzema possessed 35.4 grams—in other words, an amount only slightly above the amount that triggered the statute.

Actually, when Hoekzema's attorney relied on this figure of 35.4 grams, she understated Hoekzema's position—by overstating the amount of marijuana that he possessed with intent to sell or deliver. As we explained earlier in this opinion, Hoekzema had a total of 31 grams of marijuana in the quart-size Ziploc bag (divided into twelve smaller baggies), and another 4.4 grams in the pill bottle in his pocket. According to the testimony, Hoekzema described the 4.4 grams as his "personal stash", and there was apparently no contrary evidence. Thus, with respect to Hoekzema's possession of marijuana with intent to deliver, it seems that the amount involved was 31 grams, not 35.4 grams.

When the prosecutor responded to this proposed mitigator, his sole argument was that Hoekzema possessed more than the statutory minimum of 28.35 grams:

> *Prosecutor:* [W]hen the statute says "[one] ounce", that['s] 28 [grams]. He was at 35 grams, and there's 28 grams to an ounce. He's way over. He's way over.
>
> . . .
>
> It just flies in the face of common sense to say that this is a small amount or a small quantity. This is well over an ounce. He's got 35 grams. 28 is all I need. I've got an excess of [marijuana].

After hearing these competing arguments, Judge Heath found that Hoekzema had failed to prove mitigator (d)(13):

> *The Court:* The Court is going to decline to find ... [Hoekzema's proposed] mitigators. I don't think the defendant has proven [those] by a preponderance of the evidence.

As can be seen, Judge Heath offered no explanation for his ruling. We therefore presume that the judge adopted the prosecutor's argument that the "small quantity" mitigator does not apply to cases where the defendant possesses more than the statutory minimum amount of the controlled substance. This approach is wrong.

To date, our most extensive discussion of the "small quantity" mitigator was in *Knight v. State*, 855 P.2d 1347 (Alaska App.1993). In *Knight*, we held that a "small quantity" for purposes of mitigator (d)(13) is a quantity that is uncharacteristically small when compared to the broad middle ground of conduct encompassed by the statute defining the defendant's offense. *Id.* at 1349.

We also suggested in *Knight* that the determination of what is a "small quantity" is primarily a question of fact rather than a question of law—and that, for this reason, a sentencing judge's decision on this issue should normally be reviewed under the "clearly erroneous" standard of review (the standard that applies to findings of historical fact) rather than the *de novo* standard of review (the standard that applies to rulings of law). Here is what we said in *Knight*:

> Within any class of controlled substance, what constitutes an unusually small or large quantity may vary from case to case, depending on variables such as the precise nature of the substance and the form in which it is possessed, the relative purity of the substance, its commercial value at the time of the offense, and the relative availability or scarcity of the substance in the community where the crime is committed. Variations may also occur over time: what amounted to a typical controlled substance transaction ten years ago might be an exceptional one today.
>
> These variables do not lend themselves to an inflexible rule of general application,

and they render it both undesirable and wholly impractical to treat the question of what constitutes a "large" or "small" quantity for purposes of [aggravator] (c)(25) and [mitigator (d)(13) ] as an abstract question of law. The question must instead be resolved by the sentencing court as a factual matter, based on the totality of the evidence in the case and on the court's discretion, as informed by the totality of its experience.

*Knight,* 855 P.2d at 1349–1350.

Although our subsequent decisions have adhered to the fact-based approach laid out in *Knight,* the Alaska Supreme Court's decision in *Michael v. State,* 115 P.3d 517 (Alaska 2005), casts doubt on our assertion in *Knight* that this issue is primarily one of fact rather than law. In *Michael,* the supreme court held that the decision as to whether a defendant's conduct is among the least serious within the definition of an offense (*i.e.,* the decision as to whether mitigator (d)(8) is proved) is a mixed question of fact and law— and that, once the facts have been determined, the issue of whether those facts constitute "least serious" conduct is *purely* a question of law. *Michael,* 115 P.3d at 519. The supreme court declared that the answer to these questions "should not vary from case to case or judge to judge". *Id.* at 520.

We need not decide whether, or to what extent, the supreme court's decision in *Michael* requires a re-examination of our basic approach in *Knight.* Rather, we conclude that even under the fact-based approach set forth in *Knight,* the superior court's ruling in Hoekzema's case regarding mitigator (d)(13) was erroneous.

In *Knight,* the defendant was convicted of violating AS 11.71.030(a)(1), the statute proscribing the possession of any amount of cocaine for purposes of delivery.[7] Given the fact that this statute encompasses a range of possession from trace amounts to truckloads, it may have made sense for this Court to defer to the experience of the trial court on the issue of whether the amount of cocaine in Knight's possession—thirty-one "slips" with

an aggregate weight of 10.5 grams [8]—was a "small quantity" within the world of cocaine-dealing.

But the statute at issue in Hoekzema's case is not so open-ended. That statute proscribes the possession of one ounce or more of marijuana for purposes of delivery. Possession of less than one ounce for purposes of delivery is a lower level of offense.[9]

When the dividing line between a more serious offense and a less serious offense is defined in terms of quantity, the assessment of the "small quantity" mitigator must be based on that dividing line.

In *State v. Parker,* 147 P.3d 690 (Alaska 2006), the supreme court addressed the related question of how to assess the aggravating factor of "conduct among the most serious" and the mitigating factor of "conduct among the least serious". The supreme court noted that this aggravator and this mitigator are most clearly defined when the underlying criminal statute defines the offense in terms of number or value. *Id.* at 695. The supreme court cited the Commentary to the Alaska Revised Criminal Code, Senate Journal Supp. No. 47 (June 12, 1978), p. 161, where the legislature suggested that a second-degree theft of property valued at $24,999 should be viewed as "among the most serious", because the value of the stolen property is only $1 short of the threshold value for first-degree theft, which is a class B felony. The supreme court also cited the concurring opinion of Judge Singleton in *Braaten v. State,* 705 P.2d 1311, 1325 (Alaska App.1985), where he suggested that when a defendant's conduct approaches a lesser-included offense, this should normally warrant a finding of the "conduct among the least serious" mitigator. *Parker,* 147 P.3d at 695 n. 27.

We believe that an analogous approach is required in Hoekzema's case. The statutory dividing line between Hoekzema's offense and the lesser misdemeanor offense is defined in terms of quantity: possession of marijuana for sale is a felony if the amount

---

7.  855 P.2d at 1348.

8.  *Id.*

9.  *See* AS 11.71.050(a)(1).

possessed is one ounce or greater; it is a misdemeanor if the amount possessed is less than one ounce.

Above this one-ounce threshold, the felony statute encompasses a large range of marijuana possession—from a minimum possession of one ounce (28.35 grams) to an indefinite maximum possession that includes store rooms of marijuana. And we take judicial notice that, among the marijuana possession cases that have come to us on appeal, we have seen many cases where the amount of marijuana possessed for sale (or apparently possessed for sale) far exceeded the 31 grams that Hoekzema possessed.[10]

Even under the fact-based approach of *Knight*, there have been cases where the facts were so clear that we have overturned trial court decisions rejecting the "small quantity" mitigator. For instance, in *Dollison v. State*, 5 P.3d 244, 248 (Alaska App. 2000), we concluded that the sentencing judge should have ruled that the defendant's possession of .05 grams of cocaine, with a commercial value of $10.00, constituted a "small quantity".

We reach a similar conclusion in Hoekzema's case. The smallest quantity of marijuana covered by the felony statute is 28.35 grams—and, according to the State's proof, Hoekzema had a total of 31 grams packaged for sale. This 31 grams was divided into twelve more or less equal portions. Thus, if Hoekzema had possessed only eleven of these individual baggies, the amount of marijuana in his possession would have barely exceeded the statutory floor of 28.35 grams; and if he had possessed only ten of these baggies, the total amount of marijuana would have been below the statutory floor—bringing his offense down to a misdemeanor level.

As we have already explained, the Alaska legislature has divided possession-of-marijuana-for-sale offenses into two categories. Those involving less than one ounce are punished as misdemeanors under AS 11.71.050(a)(1), while those involving one ounce or more are punished as felonies under AS 11.71.040(a)(2). Hoekzema's offense—possession of 31 grams with intent to sell—was only slightly on the felony side of this dividing line, and (according to the State's evidence) the total selling price of this amount of marijuana was a relatively modest $300.

We hold that, among the conduct included within the felony possession of marijuana for sale statute, Hoekzema's possession of 31 grams was a "small quantity". We therefore reverse the superior court's ruling on this issue.

*Conclusion*

We AFFIRM Hoekzema's conviction for possessing marijuana with intent to deliver. However, we REVERSE the superior court's decision on mitigator (d)(13), and we further direct the superior court to reconsider the issue of whether Hoekzema was subject to sentencing as a second felony offender or a third felony offender.

---

**10.** *See, e.g., State v. Smith*, 182 P.3d 651, 652–53 (Alaska App.2008) (9.85 pounds); *Garhart v. State*, 147 P.3d 746, 747 (Alaska App.2006) (4½ pounds); *Murray v. State*, 54 P.3d 821, 822 (Alaska App.2002) (approximately 6 ounces); *Maness v. State*, 49 P.3d 1128, 1133 (Alaska App.2002) (approximately 3.7 pounds); *Walker v. State*, 991 P.2d 799, 801 (Alaska App.1999) (at least 8 ounces); *Landon v. State*, 941 P.2d 186, 193 (Alaska App.1997) (6 or 7 pounds); *Fleener v. State*, 686 P.2d 730, 735 (Alaska App.1984) (5 pounds).